UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| NORWOOD MONK, | : | |
| Plaintiff, | : | Civ. No. 14-1399 (RBK) |
| v. | : | **OPINION** |
| STATE OF NEW JERSEY, et al., | : | |
| Defendants. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

## I.   INTRODUCTION

Plaintiff was previously incarcerated at the Southern State Correctional Facility in Delmont, New Jersey.  He is proceeding through counsel in this civil rights action.  Plaintiff initially filed his complaint in the Superior Court of New Jersey, Camden County.  Defendants, the State of New Jersey and the Southern State Correctional Facility, subsequently removed this action from the Superior Court to this Court on March 5, 2014.  On March 14, 2014, the State of New Jersey and the Southern State Correctional Facility filed a motion to dismiss.  On April 1, 2014, the New Jersey Department of Corrections joined in the State of New Jersey and the Southern State Correctional Facility's motion to dismiss.  Thereafter, plaintiff filed a response in opposition to the motion to dismiss.

Before the Court analyzes the motion to dismiss, the complaint must be screened to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit pursuant to 28 U.S.C. § 1915A.  For the reasons set forth below, the complaint fails to state a federal claim for relief and will be remanded back to state court.

## II.     BACKGROUND

The allegations of the complaint will be construed as true for purposes of this screening. Plaintiff names as defendants the following: (1) the State of New Jersey; (2) the State of New Jersey Department of Corrections; (3) Southern State Correctional Facility; (4) Dr. Brennan; (5) Dr. Pommegrance; (6) UMDNJ; (7) Dr. John Doe(s); and (8) Nurse Jane Doe(s).

Plaintiff was incarcerated at the Southern State Correctional Facility in 2006 and 2007. At that time, he was treated for tuberculosis ("TB") after a false positive test result. Plaintiff was treated with medications, including one known as INH. He was treated with INH for a prolonged period of time without further definitive testing that would have revealed that plaintiff did not have TB.

Plaintiff's use of INH was stopped at one point due to unhealthy reactions that plaintiff was experiencing. However, he was subsequently placed back on the medication. Plaintiff then alleges that his:

> medical care for the alleged TB, for his use of "INH", and for his overall medical conditions through the present date, including but not limited to the quality and frequency has been negligent, reckless palpably unreasonable and below the appropriate standard of medical/nursing care, resulting in Plaintiff experiencing (past, present and future), severe and/or permanent medical conditions, pain and suffering, emotional distress, prolonged care, disability, wage loss and an increased risk of death.

(Dkt. No. 1 at p. 6.)

Plaintiff claims that his improper care has been rendered by the UMDNJ, Dr. Brennan, Dr. Pommegrance, the Southern State Correctional Facility as well as John Doe doctors and Jane Doe nurses.

### III.   SCREENING

A. Standard for *Sua Sponte* Dismissal

District courts must review complaints in civil actions in which a prisoner seeks redress against a governmental employee or entity.  *See* 28 U.S.C. § 1915A(a).  Section 1915A(b) directs district courts to dismiss *sua sponte* any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See id.* § 1915A(b).

Under *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To survive *sua sponte* screening for failure to state a claim,[1] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.  *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).

B. Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction

---

[1] "[T]he legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915A is identical to the legal standard employed in ruling on 12(b)(6) motions."  *See Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

> thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

C. <u>Discussion</u>

Based on the allegations of the complaint, plaintiff is attempting to bring a denial/deprivation of medical care claim in his complaint based on the misdiagnosis and subsequent treatment he received upon his positive TB test.

> For the delay or denial of medical care to rise to a violation of the Eighth Amendment's prohibition against cruel and unusual punishment, a prisoner must demonstrate "(1) that defendants were deliberately indifferent to [his] medical needs and (2) that those needs were serious." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Deliberate indifference requires proof that the official "knows of and disregards an excessive risk to inmate health or safety." *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). We have found deliberate indifference where a prison official: "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a nonmedical reason; or (3) prevents a prisoner from receiving needed or recommended treatment." *Rouse*, 182 F.3d at 197. Deference is given to prison medical authorities in the diagnosis and treatment of patients, and courts "disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment. . . (which) remains a question of sound professional judgment." *Inmates of Allegheny Cnty. Jail v. Pierce*,

4

> 612 F.2d 754, 762 (3d Cir. 1979) (quoting *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977)).  Allegations of negligent treatment or medical malpractice do not trigger constitutional protections.  *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976).

*Pierce v. Pitkins*, 520 F. App'x 64, 66 (3d Cir. 2013) (per curiam).  Deliberate indifference can also be found "where the prison official persists in a course of treatment in the face of resultant pain and risk of permanent injury."  *See McCluskey v. Vincent*, 505 F. App'x 199, 202 (3d Cir. 2012) (internal quotation marks and citation omitted).  "A medical need is serious if it 'has been diagnosed by a physician as requiring treatment,' or if it 'is so obvious that a lay person would easily recognize the necessity for a doctor's attention.'"  *See Mitchell v. Beard*, 492 F. App'x 230, 236 (3d Cir. 2012) (per curiam) (quoting *Atkinson v. Taylor*, 316 F.3d 257, 272-73 (3d Cir. 2003) (quoting *Monmouth Cnty. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987))).

In this case, the Court finds that plaintiff has failed to allege a federal claim against the defendants based on deliberate indifference to plaintiff's serious medical needs.  Instead, the complaint claims that plaintiff was improperly diagnosed with having TB and thereafter improperly treated with medications that caused him harm.  Indeed, as stated above, plaintiff states that the defendants were "negligent" and "reckless" and that their care fell "below the appropriate standard of medical/nursing care."  These allegations do not state deliberate indifference, but instead involve malpractice and negligence which do not trigger federal constitutional protections.  *See Estelle*, 429 U.S. 97, 105-06; *Pierce*, 520 F. App'x at 66; *see also Weigher v. Prison Health Servs.*, 402 F. App'x 668, 670 (3d Cir. 2010) (per curiam) (stating that claim of misdiagnosis sounds in negligence as a malpractice suit and does not constitute deliberate indifference).  Accordingly, the complaint fails to state a federal claim.

While the complaint fails to state a federal claim, this does not end the matter as plaintiff also raises state claims in the complaint.  As the federal claims have been dismissed, the

remaining potential basis for this Court's jurisdiction over plaintiff's state law claims then is supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  When a court has dismissed all claims over which it had original federal-question jurisdiction, it has the discretion to decline to exercise supplemental jurisdiction over the remaining state law claims.  *See* 28 U.S.C. § 1367(c)(3).  As plaintiff's federal claims have been dismissed for failure to state a claim upon which relief may be granted, the Court will exercise is discretion to decline supplemental jurisdiction over plaintiff's state law claims.

Rather than dismiss this case outright, however, the Court has discretion to remand this matter and the remaining state law claims back to the state court for further adjudication.  *See Whittaker v. CCIS N. of Phila.*, No. 10-1095, 2010 WL 1644492, at *2 (E.D. Pa. Apr. 22, 2010) ("Where a case has been removed from state court to federal court on the basis of federal question jurisdiction, the United States Supreme Court has recognized that a district court retains the discretion to remand that matter back to state court when all federal law claims have been dropped or dismissed from the action and only pendant state law claims remain.") (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988)); *see also Aronson v. Chase Bank USA, N.A.*, No. 10-1256, 2011 WL 9599, at *2 (W.D. Pa. Jan. 3, 2011) (same).  The Court will utilize this discretion and remand this matter back to state court on the remaining state law claims.

### IV.     MOTION TO DISMISS

Plaintiff's federal claims will be dismissed and the Court will decline supplemental jurisdiction over his state law claims.  In light of this, the outstanding motion to dismiss will be denied without prejudice as the matter will be remanded back to state court.  As this dismissal is

without prejudice, the defendants are free to assert the issues raised in their motion to dismiss in state court.

## V.   CONCLUSION

For the foregoing reasons, plaintiff's federal claims are dismissed without prejudice and the Court declines supplemental jurisdiction over his state law claims. Defendants' motion to dismiss will be denied without prejudice as this matter will be remanded to the Superior Court of New Jersey, Camden County on plaintiff's state law claims. An appropriate order will be entered.

DATED:   October 1, 2014

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge
